JOHNSON & HIGGINS OF CALIFORNIA v. UNITED STATES.

No. 166. Argued December 9, 1932.—Decided December 19, 1932.

*Mr. Cletus Keating,* with whom *Mr. Richard L. Sullivan* was on the brief, for petitioner.

*Solicitor General Thacher,* with whom *Assistant Attorney General Rugg* and *Messrs. H. Brian Holland* and *W. Marvin Smith* were on the brief, for the United States.

Mr. Chief Justice Hughes delivered the opinion of the Court.

The material facts as found by the Court of Claims are these: In December, 1918, fire broke out on the United States Army Transport Logan bound from San Francisco to Manila with a general cargo belonging to various owners. The Logan was under the operation, management and control of the United States. The cargo consisted in part of military supplies for American troops in Siberia and the Philippine Islands, supplies belonging to the government of the Philippine Islands, supplies belonging to the American Red Cross, and a small amount of personal property of officers of the United States Army, all of which was being transported free of charge. In extinguishing the fire some of the cargo was damaged by water; and some or all of the cargo was covered by insurance against general average losses.

In August, 1922, the general superintendent and administrative officer of the Army Transport Service of the Quartermaster Corps requested the petitioner, a corporation doing business as average adjuster and insurance broker, to prepare " a statement of general average in order that the responsibility of the various parties concerned may be determined." Attached to this request was a communication from the Acting Judge Advocate General of the United States to the Quartermaster General which referred to the claim of the marine underwriters for contribution in general average and stated: "The claim being a valid one, it is therefore recommended that prompt steps be taken to ascertain the amount due the insurance company by way of contribution in general average. For this purpose, it is recommended that the matter be referred to a general average adjuster." Petitioner accordingly made its investigation and prepared and submitted to the general superintendent of the Army Transport Service at San Francisco the usual general average statement. For this service and incidental disbursements, petitioner made the " usual, customary and reasonable charge " and, upon disallowance of the claim by the Comptroller General, petitioner brought this suit.

The Court of Claims held that the Government was not liable to contribute in general average and that, in consequence, none of its officers had authority to contract for the preparation of a general average statement. The Court of Claims dismissed the petition and this Court granted certiorari.

The Solicitor General, while not formally confessing error, and while reserving the question whether the Government was liable to contribute in general average, is in accord with petitioner's contention that the proper officer of the Government was authorized to employ petitioner for the purpose stated. We are of the opinion that this view is correct. In the circumstances, petitioner's right

did not depend upon the determination of the liability of the Government to contribute in general average. The question of that liability could not be regarded as free from doubt. The cargo underwriters had made claim for contribution and the Judge Advocate General of the Army had advised that the claim was valid. On receiving this information, it was the duty of the officer responsible for the operation of the vessel to prepare the general average statement in order that the basis for adjustment might be available. *Ralli* v. *Troop,* 157 U. S. 386, 400. That duty, in this instance, apart from the question of the liability of the Government for general average as to which it is not now necessary to express an opinion, lay with the general superintendent and administrative officer of the Army Transport Service, and in order that he might properly perform it, he was entitled to avail himself of the assistance of general average adjusters.

*Judgment reversed.*